UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Uber Technologies, Inc.,

                Petitioner,

—v—

Daourou Bizounouya,

                Respondent.

18-cv-12120 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Petitioner's motion to confirm an arbitration award. Dkt. No. 1, Pet. to Confirm Arbitration Award ("Pet."). Because Respondent has failed to appear, the motion is unopposed. For the following reasons, the Court grants the motion to confirm the arbitration award.

I.     **Background**

Petitioner, Uber, is a San Francisco-based technology company. Pet ¶ 2. Petitioner offers a product that enables individuals in need of a ride to connect with nearby transportation providers ("drivers") and their vehicles using Petitioner's software applications, the "Uber Rider App" and the "Uber Driver App." Pet ¶ 2. Respondent, Daourou Bizounouya, formerly used the Uber Driver App as a driver to receive leads for riders and associated services from Petitioner. Pet. ¶ 3.

Respondent demanded arbitration by filing a demand for arbitration with Judicial Arbitration and Mediation Services, Inc. ("JAMS") pursuant to a pre-dispute arbitration agreement in the Technology Services Agreement to which Respondent agreed to on December 11, 2015. Pet. ¶ 9; Pet. Ex. B. Respondent demanded $150,000 for monies withheld by

1

Petitioner that Respondent alleged he was owed under the Technology Services Agreement. Pet. ¶ 9. The arbitrator also considered the issue of whether Uber's decision to deactivate Respondent's driver account should be affirmed. Pet. ¶ 9.

The arbitration hearing occurred on September 27 and 28, 2018 in New York. *See* Pet. Ex. A at 3. The Arbitrator rendered her Award on October 31, 2018. *See* Pet. Ex. A at 7. The Arbitrator rejected Respondent's claims, finding that he did not meet his burden of proof to establish that Uber underpaid him in any way. *See* Pet. ¶ 12. She also found that Petitioner acted within its contractual rights when it deactivated Respondent's driver account and ceased doing business with him. Pet. ¶ 12. She concluded that: (1) Respondent failed to establish that Petitioner owed him any compensation, and (2) Petitioner was entitled to a declaration that it acted within its contractual rights when it deactivated Respondent's account and Respondent was not entitled to reactivation. Pet. ¶ 12.

On December 21, 2018, Petitioner filed this lawsuit. Dkt. No. 1. On February 11, 2019, Petitioner filed an affidavit of service indicating that Petitioner had served Respondent. *See* Dkt Nos. 19-21. Notwithstanding prodding by Court orders, *see* Dkt. Nos. 10, 12, Respondent has not appeared or responded to Petitioner's motion to confirm its arbitration award. The Court now resolves the unopposed motion.

## II.  Standard of Review

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). A court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). An arbitrator's award is entitled to

"significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

An unanswered motion to confirm an arbitration award should be treated "as an unopposed motion for summary judgment." *Id.* "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The same standard applies to unopposed motions for summary judgment. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Even when the summary judgment motion is unopposed, the court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing

3

evidentiary matter is presented." *Id.* (emphasis omitted) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### III. The Court Grants Petitioner's Motion to Confirm the Arbitration Award

For the following reasons, the Court concludes that there are no genuine issues of material fact and that Petitioner is entitled to confirmation of the arbitration award.

First, Petitioner has presented undisputed evidence demonstrating that arbitration was appropriate in this case and that the arbitrator acted within the scope of his authority. Petitioner and Respondent expressly agreed to submit to arbitration to resolve disputes. Pet. ¶ 9; Pet. Ex. B.

Second, there is no evidence to suggest that the award by the arbitrator was improper. The Arbitrator concluded that Respondent's claim that he was improperly withheld compensation by Petitioner was not supported by the evidence. *See* Pet. Ex. A at 5. The Arbitrator arrived at this conclusion after both Respondent and Petitioner presented live witness testimony, documentary evidence, and arguments. Pet. Ex. A at 3. The Arbitrator also concluded that Petitioner was well within its contractual rights to terminate Respondent's driver account, which was expressly contemplated by the Technology Services Agreement to which Respondent had agreed to. *See* Pet. Ex. A at 6. In light of the evidence submitted by Petitioner, the arbitrator's award had at least a "barely colorable justification." *D.H. Blair & Co.*, 462 F.3d at 110. As a result, the Court confirms the award.

### III. Conclusion

Petitioner's motion to confirm the arbitration award is GRANTED. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

4

Dated: May 7, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge